IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSER, on behalf of himself and similarly situated employees, | : : : | CIVIL ACTION |
| Plaintiff, | : : | FIELD ELECTRONICALLY ON OCTOBER 14, 2020 |
| v. | : : | CLASS/COLLECTIVE ACTION |
| THIRTY, INC., | : : | |
| Defendant. | : : | JURY TRIAL DEMANDED |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Eric Houser ("Plaintiff") brings this class/collective action lawsuit against Thirty, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.* See *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Lancaster, PA (Lancaster County).

5. Defendant is a corporate entity maintaining a principal place of business in Lancaster, PA (Lancaster County).

6. Defendant employs individuals, including Plaintiff, engaged in commerce

1

or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## FACTS

7. Defendant owns and operates the Eden Resort & Suites complex located in Lancaster, PA ("the Resort").  *See generally* https://www.edenresort.com/ (last visited 10/13/20).

8. Plaintiff works at the resort in various positions, including server.

### Defendant's Failure Use the Correct
### Overtime Rate in Paying Tipped Employees

9. In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendant utilizes a "tip credit" in paying servers, bartenders, and employees who receive tips from Resort customers.  *See* 29 U.S.C. § 203(m) (addressing tip credit); 43 P.S. § 333.103(d) (same).  We will call such employees "tipped employees."

10. Defendant currently utilizes a $4.42/hour tip credit.  In other words, in satisfying the FLSA/PMWA minimum wage of $7.25/hour, Defendant currently pays tipped employees a base wage of $2.83/hour and relies on customer tips to cover the additional $4.42 necessary to satisfy the $7.25 minimum wage.

11. Prior to approximately Summer 2020, Defendant utilized different tip credit amounts in paying tipped employees.  For example, during Spring 2020, Defendant utilized a $4.09/hour tip credit in paying Plaintiff for his work as a server.  In other words, Defendant paid Plaintiff a base wage of $3.16/hour and relied on customer tips to cover the additional $4.09 necessary to satisfy the $7.25 minimum wage.

2

12. Plaintiff and other tipped employees sometimes work over 40 hours per week. For example, during the pay period ending August 15, 2020, Plaintiff was credited with working 5.5 overtime hours as a tipped employee.

13. As noted in Counts I and II below, the FLSA and PMWA entitle employees to overtime premium pay calculated at 150% of their "regular rate" of pay for hours worked over 40 per week. In determining the overtime premium pay owed to employees for whom a tip credit is utilized, the regular rate *includes* the amount of the tip credit and extends *up to* the minimum wage. *See* 29 C.F.R. § 531.60. In Pennsylvania, the federal and state minimum wage both stand at $7.25/hour. This results in a regular rate of $7.25/hour and an overtime premium rate of $10.875/hour. As such, for every overtime hour worked, the employer must pay the tipped employee an hourly wage equaling $10.875 *minus* the amount of the tip credit. *See, e.g., Copantitla v. FiskardoEstiatorio, Inc.*, 788 F. Supp. 2d 253, 291-92 (S.D.N.Y. 2011).

14. Defendant has violated the above rule in calculating the overtime pay owed to Plaintiff and other tipped employees. For example, during the pay period ending August 15, 2020, Plaintiff worked 5.5 overtime hours, and Defendant utilized a $4.42/hour tip credit. Thus, Defendant was required to pay Plaintiff a base hourly wage of $6.455 ($10.875 *minus* $4.42) for each of his 5.5 overtime hours. Defendant failed to do so. Instead, it paid Plaintiff a base wage of only $4.25 for each overtime hour.[1]

### Defendant's Failure to Pay Employees for Time Spent Working During 30-Minute Meal Breaks

15. Prior to approximately August 2020, Defendant automatically deducted 30-minutes of compensable time during each day in which the employee recorded over

---

[1] Defendant presumably arrived at $4.25 by multiplying $2.83 by 1.5.

6 work hours.  These automatic deductions were made for purported "meal breaks" and, upon information and belief, applied to every Resort employee classified by Defendant as eligible for overtime pay.

16.     During many of the weeks in which automatic meal break deductions were made, the employee subjected to the deduction worked over 40 hours.  For example, during the week beginning on August 11, 2019 and ending on August 17, 2019, Plaintiff worked 65.5 hours.  However, because Defendant subjected him to four automatic meal break deductions, Plaintiff was paid for only 63.5 hours.

17.     Defendant subjected Plaintiff and other Resort employees to these automatic 30-minute meal break deductions even though, as was commonly known by management, employees regularly and openly worked through their shifts without taking meal breaks.  Some employees, including Plaintiff, complained about the unfairness of this practice.

18.     On August 26, 2020, Defendant informed employees that it was changing its payroll policy and that "30 minutes will NOT be auto deducted for the time being."

## COLLECTIVE AND CLASS ALLEGATIONS

19.     Plaintiff brings this lawsuit on behalf of himself and all individuals who, during anytime within the past three years, have been employed by Defendant and classified as eligible for overtime pay.

20.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21.     Plaintiff's PMWA claim should proceed as a class action because, as

summarized below, all of Federal Rule of Civil Procedure 23's requisites are satisfied.

22. The putative class, upon information and belief, includes well over 100 individuals, all of whom are readily ascertainable based on Defendant's timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

25. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### **COUNT I – FLSA**

27. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their "regular rate" for hours worked over 40 per week.  *See* 29 U.S.C. § 207(a)(1).

28. Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA by: (i) failing to use the correct

"regular rate" and overtime premium rate with respect to hours for which Defendant utilized the tip credit and (ii) failing to pay any compensation (including overtime premium compensation) for compensable work incurred during purported 30-minute break periods.

## COUNT II – PMWA

29. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's "regular rate" of pay for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

30. Defendant violated the PMWA by: (i) failing to use the correct "regular rate" and overtime premium rate with respect to hours for which Defendant utilized the tip credit and (ii) failing to pay any compensation (including overtime premium compensation) for compensable work incurred during purported 30-minute break periods.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

    A.    Unpaid overtime wages and prejudgment interest;

    B.    Liquidated damages to the fullest extent permitted under the FLSA;

    C.    Litigation costs, expenses, and attorneys' fees; and

    D.    Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Date:  October 14, 2020                                   Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

## **CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
DocuSigned by:
E94F4BEDB860425...
Signature

Eric Houser

_____
Print Name