UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HOUSER, *on behalf of himself and similarly situated employees*,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THIRTY, INC.,<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:   No. 5:20-cv-05087<br>:<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW,** this 11th day of January, 2022, upon consideration and review of the Collective Action Settlement Agreement received from counsel on December 22, 2021, ECF No. 51, and having found that the terms of the settlement are a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 216,[1] **IT IS HEREBY ORDERED THAT**:

　　　　1.　　　　The Consent Motion, ECF No. 51, is **GRANTED** and the Collective Action Settlement Agreement is **APPROVED.**[2]

　　　　2.　　　　The above-captioned action is **DISMISSED with prejudice**.

---

[1] Claims under the FLSA can be settled in two ways: (1) with the Secretary of Labor supervising the payment of unpaid minimum wages or unpaid overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). "The Third Circuit has not articulated a standard for analyzing FLSA settlements, but District courts routinely look to the *Lynn's Food Stores* standard when a party seeks judicial approval of an FLSA settlement." *Hunter v. M-B Cos.*, No. 19-cv-04838, 2020 U.S. Dist. LEXIS 127037, at *4 (E.D. Pa. July 20, 2020) (citing *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Under this standard, a district court must determine that: (1) the settlement resolves a bona fide dispute over FLSA provisions; (2) the settlement is fair and reasonable to the Plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. *See id.*; *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-cv-1771, 2015 U.S. Dist. LEXIS 135615, at *2-4 (D.N.J. Oct. 5, 2015).

[2] Following a review of the proposed terms of the Collective Action Settlement Agreement in light of the legal standards, this Court finds that the Agreement satisfies the legal requirements. First, this matter represents a bona fide dispute over FLSA wage provisions. Second, the Agreement is fair and reasonable to the Plaintiff-employee class, and it uses a quantitative system of calculating the appropriate compensation for members of the class. Finally, the Agreement does not frustrate the implementation of the FLSA in the workplace. Specifically, neither the release nor confidentiality terms of the Agreement are overbroad such that their implementation would frustrate the purpose of the FLSA.

3. Except as otherwise provided in the Collective Action Settlement Agreement, each party shall bear its own attorneys' fees and costs.

4. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge